# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOE HAND PROMOTIONS, Inc.,**

    Plaintiff,

-vs-                                      Case No. 15-C-919

**CAROL McKISSICK and
SLY STAR LLC,**

    Defendants.

## DECISION AND ORDER

Joe Hand Promotions, Inc. alleges that a Milwaukee bar called the Sly Fox unlawfully televised a Ultimate Fighting Championship Match in violation of The Communications Act, 47 U.S.C. § 605, et seq.. Joe Hand moves for default judgment against the bar and its owner, Carol McKissick. "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004).

Joe Hand is a distributor of sports and entertainment programming to commercial establishments, such as bars, restaurants, and casinos. Joe Hand entered into an exclusive distributorship with the promotor of "UFC 164: Henderson v. Pettis II," broadcast on August 31, 2013. Auditor Brett Koth visited the Sly Fox on the night of the fight. According to Koth, the

approximate occupancy of the Sly Fox was ninety (90) people, and seventeen (17) people were present to watch the fight on one (1) television. The fight was advertised on the Sly Fox's Facebook page.

Under the Act, plaintiffs can recover between $1,000 and $10,000 in statutory damages "as the court considers just," § 605(e)(3)(C)(i)(II), and additional damages up to $100,000 if the violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain …," § 605(e)(3)(C)(ii). Enhanced damages are justified because the defendants publicly advertised the event and, as other courts have noted, intent can be inferred from the technical aspects of intercepting the signal. *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems"); *see also J&J Sports Prods., Inc. v. The Old School Way, LLC*, 15-C-449, 2015 WL 4623598 (E.D. Wis. July 30, 2015).

As to the amount of damages, courts consider a variety of factors, including the difficulty in detecting unlawful interception, the widespread problem of piracy, the projected loss to the plaintiff, and the need for an award sufficient to deter future piracy by defendants and others. *Cablevision Sys. N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 113 (E.D.N.Y. 1997). The

- 2 -

Case 2:15-cv-00919-RTR    Filed 02/10/16    Page 2 of 3    Document 7

applicable rate for the fight was $1,100, and the defendants likely enjoyed an increase in food and beverage sales, especially since they advertised the fight. Moreover, Joe Hand represents to lawfully paying customers the locations of other authorized commercial establishments licensed to receive the programming. Thus, piracy causes damage to Joe Hand's reputation and good will.

Joe Hand asks for $5,000 in statutory damages and $20,000 in enhanced damages. The Court agrees with the need for deterrence in this situation, but not to the extent that the defendant might be forced out of business, or at a minimum, take a severe financial hit that will undermine their otherwise legitimate business operation. Therefore, the Court will award $1,000 in statutory damages and $3,000 in enhanced damages. Joe Hand's request to submit a separate fee affidavit is also granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Joe Hand's motion for default judgment [ECF No. 6] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 10th day of February, 2016.

**BY THE COURT:**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -

Case 2:15-cv-00919-RTR   Filed 02/10/16   Page 3 of 3   Document 7